UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS B. CAPOLA,<br>          Plaintiff, | : | |
| | : | |
| v. | : | CASE NUMBER:  3:08-CV-00562(AWT) |
| | : | |
| CHRIS FARRAR and<br>VELOCITY COMMERCIAL<br>CAPITAL, LLC,<br>          Defendants. | : | JULY 21, 2008 |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants hereby answer the Amended Complaint in the above matter as follows:

1.     Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, leave Plaintiff to his proof.

2.     Paragraph 2 is admitted except the allegation that Defendant is a "small balance business lender."  Due to the ambiguity of that term, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of that allegation and, therefore, leave Plaintiff to his proof.

3.     Paragraph 3 is admitted.

4.     Paragraph 4 is admitted insofar as it alleges that "there was no formal written agreement between Plaintiff and Farrar to secure such financing."  The remainder of Paragraph 4 is denied. 5.     Paragraph 5 is denied.

6.     As alleged, Paragraph 6 is denied.

7.     Due to the vague and overbroad allegations of Paragraph 7, Defendants do not

have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, leave Plaintiff to his proof.

8. As stated, Paragraph 8 is denied.

9. Paragraph 9 is denied.

10. Due to the vague and overbroad allegations of Paragraph 10, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, leave Plaintiff to his proof.

11. Paragraph 11 is admitted insofar as it alleges that Richard Herrin's employment terminated. The remainder of Paragraph 11 is denied.

12. Due to the vague and overbroad allegations of Paragraph 10, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, leave Plaintiff to his proof.

13. Paragraph 13 is admitted insofar as it alleges that CBASS became an investment partner. Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 13 and, therefore, leave Plaintiff to his proof.

14. Paragraph 14 is admitted insofar as it alleges that Plaintiff requested that he be put on the payroll. As stated, the remainder of Paragraph 14 is denied.

15. Paragraph 15 is denied insofar as it alleges "salary and equity promised." Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 15 and, therefore, leave Plaintiff to his proof.

16. Paragraph 16 is admitted.

17. Paragraph 17 is denied.

2

18.     Due to the vague and overbroad allegations of Paragraph 18, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, leave Plaintiff to his proof. Any alleged written agreement speaks for itself.

19.     Due to the vague and overbroad allegations of Paragraph 19, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 19 and, therefore, leave Plaintiff to his proof. Any alleged written agreement speaks for itself.

20.     Due to the overbroad allegations of Paragraph 20, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, leave Plaintiff to his proof.

21.     Defendants admit the existence of Exhibit 1, which speaks for itself. Due to the overbroad allegations of the remainder of Paragraph 21, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 21 and, therefore, leave Plaintiff to his proof.

22.     Paragraph 22 is admitted insofar as it alleges that Neil Beldock was assigned to the Connecticut office.     Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 22 and, therefore, leave Plaintiff to his proof.

23.     Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, leave Plaintiff to his proof.

24.     Defendants do not have sufficient knowledge or information upon which to form

3

a belief as to the truth of the allegations of Paragraph 24 and, therefore, leave Plaintiff to his proof. Defendants admit the existence of Exhibit 2, which speaks for itself.

25.     Due to the vague and overbroad allegations of Paragraph 25, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 25 and, therefore, leave Plaintiff to his proof.

26.     Paragraph 26 is denied insofar as it alleges incomplete or potentially fraudulent loans. Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 26 and, therefore, leave Plaintiff to his proof.

27.     Due to the vague and overbroad allegations of Paragraph 27, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, leave Plaintiff to his proof.

28.     Paragraph 28 is admitted insofar as it alleges that Plaintiff wanted Mr. Beldock to leave the Connecticut office. Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 28 and, therefore, leave Plaintiff to his proof.

29.     As stated, paragraph 29 is denied.

30.     Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 30 and, therefore, leave Plaintiff to his proof.

31.     Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, leave Plaintiff to his proof.

4

32.    Paragraph 32 is denied, including any inference of an agreement.

33.    Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 33 and, therefore, leave Plaintiff to his proof.

34.    Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 34 regarding an alleged telephone call from Michael Mutlu and, therefore, leave Plaintiff to his proof.   The remainder of Paragraph 34 is denied.

35.    Paragraph 35 is denied.

36.    Paragraph 36 is admitted insofar as it alleges that Zach and Hannah Murphy were assigned to the Connecticut office. Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 36 and, therefore, leave Plaintiff to his proof.

37.    Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 37 and, therefore, leave Plaintiff to his proof.

38.    Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 38 and, therefore, leave Plaintiff to his proof.

39.    Paragraph 39 is denied insofar as it alleges with Farrar's knowledge and approval." Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 39 and, therefore, leave Plaintiff to his proof.

40.    Defendants do not have sufficient knowledge or information upon which to form

5

a belief as to the truth of the allegations of Paragraph 40 and, therefore, leave Plaintiff to his proof.

41.     Due to the vague and overbroad allegations of Paragraph 41, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 41 and, therefore, leave Plaintiff to his proof.

42.     Paragraph 42 is denied insofar as it alleges "all with Farrar's knowledge." Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations of Paragraph 42 and, therefore, leave Plaintiff to his proof.

43.     Due to the vague and overbroad allegations of Paragraph 43, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 43 and, therefore, leave Plaintiff to his proof.

44.     Due to the vague and overbroad allegations of Paragraph 44, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 44 and, therefore, leave Plaintiff to his proof.

45.     Paragraph 45 is denied.

46.     Paragraph 46 is admitted.

**COUNT ONE**

47.     Defendants' answers to Paragraphs 1 through 46 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 46 of Count One as though fully set forth herein.

48.     Paragraph 48 is denied.

49.     Paragraph 49 is admitted insofar as it alleges that Plaintiff's salary did not increase and he did not receive "equity in the company." As stated, the remainder of Paragraph

6

49 is denied.

50. Paragraph 50 is denied, including any inference of a "promise."

**COUNT TWO**

51. Defendants' answers to Paragraphs 1 through 50 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 50 of Count Two as though fully set forth herein.

52. Paragraph 52 is denied.

53. Paragraph 53 is admitted insofar as it alleges that Plaintiff did not receive a pay increase. The remainder of Paragraph 53 is denied.

54. Paragraph 54 is admitted insofar as it alleges that Plaintiff did not receive a pay increase, and that Defendant Farrar generally had authority to increase Plaintiff's salary. The remainder of Paragraph 54 is denied, including any inference of a promise.

**COUNT THREE**

55. Defendants' answers to Paragraphs 1 through 54 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 54 of Count Three as though fully set forth herein.

56. Paragraph 56 is denied, including any inference that Plaintiff was an equity partner or was threatened.

57. Paragraph 57 is denied, including any inference of "violations."

58. Paragraph 58 is denied.

**COUNT FOUR**

59. Defendants' answers to Paragraphs 1 through 58 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 58 of Count Four as

though fully set forth herein.

60.    Paragraph 60 is denied, including any inference that Plaintiff was an equity partner or was threatened.

61.    Paragraph 61 is denied, including any inference of "violations."

62.    Paragraph 62 is denied.

## COUNT FIVE

63.    Defendants' answers to Paragraphs 1 through 62 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 62 of Count Five as though fully set forth herein.

64.    Paragraph 64 is denied.

65.    Paragraph 65 is denied.

66.     Defendants admit the existence of Exhibit 5 which speaks for itself.   The remainder of Paragraph 66 is denied.

67.    Paragraph 67 is denied, including any inference that false statements were made.

68.    Paragraph 68 is denied, including any inference that false statements were made.

## COUNT SIX

69.    Defendants' answers to Paragraphs 1 through 68 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 68 of Count Six as though fully set forth herein.

70.    Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 70 to the effect that Plaintiff was "cleared by the SEC" and, therefore, leave Plaintiff to his proof.   The remainder of Paragraph 70 is

8

denied.

71.     Paragraph 71 is denied.

72.     Defendants admit the existence of Exhibit 5 which speaks for itself.   The remainder of Paragraph 72 is denied.

73.     Paragraph 73 is denied, including any inference that false statements were made.

74.     Paragraph 74 is denied, including any inference that false statements were made.


**COUNT SEVEN**

75.     Defendants' answers to Paragraphs 1 through 74 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 74 of Count Seven as though fully set forth herein.

76.     Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 76 and, therefore, leave Plaintiff to his proof.

77.     Paragraph 77 is denied insofar as it alleges 'conversion" or a violation of an SEC subpoena.  Defendants admit the existence of Exhibit 7 which speaks for itself.

78.     Paragraph 78 is denied.

79.     Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 79 and, therefore, leave Plaintiff to his proof.

80.     Paragraph 80 is denied.

81.     Paragraph 81 is denied, including any inference of conversion or theft.

**COUNT EIGHT**

9

82.     Defendants' answers to Paragraphs 1 through 81 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 81 of Count Eight as though fully set forth herein.

83.     Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 83 and, therefore, leave Plaintiff to his proof.

84.     Paragraph 84 is denied insofar as it alleges 'conversion" or a violation of an SEC subpoena.  Defendants admit the existence of Exhibit 7 which speaks for itself.

85.     Paragraph 85 is denied.

86.     Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 86 and, therefore, leave Plaintiff to his proof.

87.     Paragraph 87 is denied.

88.     Paragraph 88 is denied, including any inference of conversion or theft.

**COUNT NINE**

89.     Defendants' answers to Paragraphs 1 through 88 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 88 of Count Nine as though fully set forth herein.

90.     Paragraph 90 is denied.

91.     Paragraph 91 is denied insofar as it alleges gross mismanagement and that the Plaintiff was an executive vice president.

92.     Paragraph 92 is denied, including any inference of mismanagement.

93.     As for the allegations in Paragraph 93 as to the contents of the Operating

10

Agreement, Defendants state that the Operating Agreement speaks for itself.  The remainder of Paragraph 93 is denied, including any inference of mismanagement.

94.     Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 94 as to Plaintiff putting his trust in Mr. Farrar; and, therefore, leave Plaintiff to his proof.  The remainder of Paragraph 94 is denied.

95.     Paragraph 95 is denied.

**COUNT TEN**

96.     Defendants' answers to Paragraphs 1 through 95 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 95 of Count Ten as though fully set forth herein.

97.     Paragraph 97 is denied.

98.     Paragraph 98 is denied, including any inference of gross mismanagement.

99.     Paragraph 99 is denied.

**COUNT ELEVEN**

100.    Defendants' answers to Paragraphs 1 through 99 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 99 of Count Eleven as though fully set forth herein.

101.    Paragraph 101 is denied, including any inference of rummaging and destroying.

102.    Paragraph 102 is denied.

**COUNT TWELVE**

103.    Defendants' answers to Paragraphs 1 through 102 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 102 of Count Twelve as though fully set forth herein.

104.    Paragraph 104 is denied, including any inference of rummaging and destroying.

105.    Paragraph 105 is denied.

**COUNT THIRTEEN**

106.    Defendants' answers to Paragraphs 1 through 105 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 105 of Count Thirteen as though fully set forth herein.

107.    As stated, Paragraph 107 is denied.

108.    Due to the vague and overbroad allegations of Paragraph 108, Defendants do not have sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph 108 and, therefore, leave Plaintiff to his proof. Paragraph 108 is denied insofar contains any inference of the existence of an "understanding."

109.    Paragraph 109 is denied, including any inference of Plaintiff having raised the capital to start op the Connecticut office.

110.    Paragraph 110 is denied, including any inference of an agreement.

**COUNT FOURTEEN**

111.    Defendants' answers to Paragraphs 1 through 110 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 110 of Count Fourteen as though fully set forth herein.

112.    Paragraph 112 is denied.

113.    Paragraph 113 is denied.

114.    Paragraph 114 is denied, including any inference of a promise or that Plaintiff was responsible for CBASS as an investor.

115.    Paragraph 115 is denied, including any inference of an agreement.

**COUNT FIFTEEN**

116.   Defendants' answers to Paragraphs 1 through 115 of the amended complaint are hereby incorporated by reference as their answers to Paragraphs 1 through 115 of Count Fifteen as though fully set forth herein.

117.   Paragraph 117 is denied.

118.   Paragraph 118 is admitted insofar as it alleges that Plaintiff requested that he be put on the payroll.  As stated, the remainder of Paragraph 118 is denied.

119.   Paragraph 119 is denied, including any inference of an agreement, promises and statements.

120.   Paragraph 120 is denied, including any inference of misrepresentations.

121.   Paragraph 121 is denied, including any inference of fraudulent misrepresentations.

Defendants deny any allegation not specifically admitted above; and, to the extent a response is required, Defendants deny that the documents attached to the Amended Complaint as "Exhibits" support any or all of the allegations of the Amended Complaint.

Defendants deny that Plaintiff is entitled to any recovery or award as alleged in the demand for relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state claims against Defendants upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

### THIRD DEFENSE

Plaintiff's claims of defamation are barred in that Defendants had a qualified privilege to make statements alleged by Plaintiff.

### FOURTH DEFENSE

Plaintiff was paid in full for all services rendered.

### FIFTH DEFENSE

Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.


DEFENDANTS, VELOCITY COMMERCIAL
CAPTIAL, LLC AND CHRIS FARRAR

By: _____
    Edward  M. Richters (ct 08043)
    richtere@jacksonlewis.com
    Alison Jacobs Wice (ct 21771)
    wicea@jacksonlewis.com
    Jackson Lewis LLP
    90 State House Square, 8th Floor
    Hartford, CT  06103
    Tel. (860) 522-0404
    Fax (860) 247-1330

    THEIR ATTORNEYS

14

CERTIFICATION OF SERVICE

I hereby certify that on July 21, 2008, a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Alison Jacobs Wice

15